William G. Easton, J.
This is a motion by the defendant General Expressways, Inc., for an order granting a judgment dismissing the plaintiff’s complaint on the ground that the cause *447 of action did not accrue within the time limited hy law for the commencement of the action.
This is a negligence action and was not commenced within the three-year period prescribed by the appropriate Statute of Limitations. The plaintiff maintains that defendant, General Expressways, Inc., is estopped from asserting the Statute of Limitations by virtue of a letter mailed by the moving defendant’s insurance carrier to the plaintiff dated January 10,1961 in response to the plaintiff’s demand for damages. The letter read as follows:
“ We would advise you that we are at the present time engaged in an extensive legal battle with the Estate of Edward Callahan, whom, as you will know, was fatally injured in this accident.
“ The Appeal of this law suit is presently pending and we would, therefore, very much appreciate your indulgence in your claim until such a time as we have been able to perfect the Appeal of this case and have the same ruled upon.
“We know that if the situation were reversed, you would respect our exposure under the bodily injury and would give us ample opportunity to, at least, try the law suit regarding that aspect.
“We would appreciate your, therefore, foregoing your claim until such time as we are in a more favorable position to consider it.”
Plaintiff claims that it relied on this letter and postponed the commencement of any action until after the expiration of the statutory period.
It is true that under certain circumstances various courts have excused compliance with Statute of Limitations by reason of certain types of conduct by the party asserting the statute. The leading cases demonstrating this so-called doctrine of estoppel are very ably outlined and digested in the plaintiff’s brief. However, the cases in which the doctrine of estoppel has been invoked against the use of the Statute of Limitations almost uniformly contain an element of misrepresentation or fraud or false statements. In the case at bar there was no fiduciary or trust relationship between the parties. There is no claim that there was any crime committed or any fraud or any misrepresentation or any false statement. The letter upon which plaintiff relies only amounts to a request to withhold legal action pending the outcome of another related case. Under such circumstances there is no basis in law or equity for invoking the doctrine of estoppel. Ho material facts were concealed, but on the contrary, the letter revealed the entire situation. A request for forbearance unaccompanied by any misrepresentation or false statement in the *448 absence of any promise or agreement not to plead the Statute of Limitations will not estop the party seeking to raise that defense. (Shapley v. Abbott, 42 N. Y. 443 [1870]; Wakulaw v. State Bank, 214 App. Div. 673 [1925].) As the court said in the last-cited case at page 678 — “ If a mere request of a debtor for delay in the performance of a contract would estop him from pleading the statute, the policy of law relative to the Statute of Limitations would be subverted. ’ ’ The motion is granted.